Submitted on brief October 6, affirmed October 25, rehearing denied
December 20, 1927, second petition for rehearing denied
January 10, 1928.

# WENDELL COLBY *v.* C. E. RUSK, JUSTICE OF THE PEACE.

### (20 Pac. 234; 263 Pac. 77.)

**Criminal Law—Refusal of Justice to Vacate Judgment on Plea of Guilty Held not Abuse of Discretion.**

1. Where defendant, after being fully advised and consulting with his attorney, voluntarily made statement of facts waived any irregularity, and pleaded guilty in Justice Court to crime of unlawfully possessing and transporting intoxicating liquor, and was sentenced to pay fine and serve time in the county jail, the Justice Court did not abuse its discretion in refusing to vacate the judgment and substitute plea of not guilty; defendant not showing he had a defense to the complaint.

**Criminal Law—To Warrant Justice in Vacating Judgment on Plea of Guilty, Defendant Should Show Defense.**

2. To warrant Justice Court in vacating judgment entered on plea of guilty of unlawfully possessing and transporting intoxicating liquor so that defendant may enter plea of not guilty, defendant should show that he has a defense to the complaint.

---

Criminal Law, 16 C. J., p. 90, n. 60, p. 397, n. 6, p. 398, n. 12, p. 399, n. 13, 15.

From Josephine: C. M. THOMAS, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. C. F. Pruess.*

*Mr. C. E. Rusk, in propria persona.*

*Mr. W. T. Miller,* District Attorney, for Josephine County.

---

1. Right of accused to withdraw plea of guilty, see notes in 8 Ann. Cas. 237; 16 Ann. Cas. 973; Ann. Cas. 1912D, 243. See, also, 8 R. C. L. 111. Right to withdraw plea of guilty, see note in 20 A. L. R. 1445.

BEAN, J.—1. This is a proceeding by writ of review to review the action of the justice of the peace in Josephine County, Oregon. On April 23, 1927, the petitioner for the writ, Wendell Colby, was brought before the Justice Court charged with the crime of unlawfully possessing and transporting intoxicating liquor. The return to the writ discloses that the defendant was informed of his rights and that the cause was continued for a time in order that he might procure an attorney. It appears from his affidavit that he sent for and consulted an attorney and thereafter appeared in the Justice Court and pleaded guilty to the charge and was sentenced to pay a fine of $500, ordered to pay costs of $3.67 and to serve thirty days in the county jail.

Thereafter the petitioner filed a motion and affidavit to set aside the judgment and sentence, and for leave to withdraw his plea of guilty and substitute a plea of not guilty. The Justice Court denied the motion. Upon the hearing of the writ and the return of the proceedings thereon the Circuit Court found as follows:

"1. That the defendant Colby was advised of his rights;

"2. That he consulted his attorney before pleading;

"3. That he voluntarily made a statement in open court reciting his connection with the affair and asked for leniency;

"4. That he waived any irregularity as to time, if there be any irregularity, when he stated to the court that he was ready to receive sentence;

"5. That the court, before accepting his plea, fully advised him of his rights and that he freely and

voluntarily, after consultation with his attorney entered a plea of guilty.

"Under the above circumstances, the defendant is not entitled to withdraw his plea of guilty for the purpose of entering a plea of not guilty," and dismissed the writ.

The petitioner appealed, and contends that the Justice Court abused its discretion in refusing to vacate the judgment. Among the facts stated in the affidavit of the defendant in the Justice Court we find the following relating to the circumstances of the charge against him, to wit: that he and his partner painted a large sign for one Smithdeal for "Dixie Inn," near the Pacific Highway. The affiant states:

"That in the course of the preparing, delivery and payment for said sign, the said S. Smithdeal, unsolicited by affiant, or by any other so far as he knows, approached affiant and one Joe Ditto, partner of affiant as aforesaid in the sign painting business, for the purpose of getting affiant and said Joe Ditto to find out for him, the said S. Smithdeal, where he could buy a lot of liquor, or if affiant and said Ditto would, or could, to get him a lot of liquor, which said Smithdeal stated to them, he desired and intended to use in connection with the operation of his 'Dixie Inn.' Said S. Smithdeal stating at said times that he would pay them big money and make it well worth their while, as he intended to bottle the liquor and dispense it among his patrons."

That affiant and Ditto at first informed Smithdeal that they did not want to become involved in the plan. The affiant further stated as follows:

" * * that overcome by the repeated inducement of said S. Smithdeal, and the offer of big money and of the assurance that it would be easy money and that it could easily be done, and being in dire need

of money, affiant did undertake to furnish the liquor for said S. Smithdeal and while in possession thereof was apprehended * * ."

2. In order to warrant the Justice Court in vacating the judgment entered upon a plea of guilty, so that the defendant might enter a plea of not guilty, the defendant ought to show that he had a defense to the complaint. Instead of showing this, he plainly shows that he was guilty. He mentions extenuating circumstances, but we find none.

We concur in the finding of the learned trial judge. The judgment is affirmed.                    AFFIRMED.

---

Second petition for rehearing denied January 10, 1928.

ON PETITION FOR REHEARING.

(263 Pac. 77.)

For the petition, *Mr. C. F. Pruess.*

*Contra, Mr. W. T. Miller,* District Attorney.

BEAN, J.—The appellant Colby urges a rehearing in this case principally upon the grounds that it was shown by the affidavit of one Joe Ditto, filed with the justice of the peace, in support of defendant Colby's motion to withdraw his plea of guilty and enter a plea of not guilty, that the affiant was informed and believed that S. Smithdeal, who induced defendant Colby to procure and deliver the intoxicating liquor, mentioned in the complaint, was a prohibition law enforcement officer or "stool-pigeon." The appellant also showed by his affidavit, filed with the justice

at the same time, that he was disappointed in the judgment of the Justice Court in sentencing him.

It appears from the record that the justice in denying the motion to withdraw the plea recognized the right of the trial court in its discretion to permit the plea of guilty to be withdrawn, and would be justified in so ruling if satisfied that an injustice had been done the defendant. But the Justice Court stated "this court does not feel that any injustice has been done Mr. Colby." He pleaded guilty without any promise of favor or leniency, and after he had consulted an attorney.

The justice of the peace was in a position to take into consideration all of local circumstances pertaining to the matter, and seemed to strive to arrive at a just conclusion.

Upon the showing made in support of the motion of Colby to withdraw his plea of guilty, the discretion of the trial court should not be controlled by a proceeding by writ of review. The defendant Colby was not entitled to speculate and take a chance on the sentence that would be pronounced upon him upon a plea of guilty and afterward, being dissatisfied therewith, to have the judgment annulled.

We in no way sanction a law officer in inducing an innocent person to commit an offense which such person had no intention of committing, if such was the fact in the present case.

The rehearing is denied.

REHEARING DENIED. SECOND PETITION FOR RE-HEARING DENIED.